UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as trustee for NATIVIDAD CABALLERO 2007 INSURANCE TRUST, AND ANTONIO CALA 2007 INSURANCE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation,<br><br>Defendant. | Case No. CV 09-00068 DDP (RZx)<br><br>Consolidated With Case No. CV 09-03143 DDP (RZx)<br><br>**[PROPOSED] PROTECTIVE ORDER TO PRESERVE CONFIDENTIALITY OF PERSONAL, FINANCIAL AND MEDICAL INFORMATION ABOUT NON-PARTY WITNESSES** |

Upon consideration of the Stipulation To Entry Of Protective Order To Preserve Confidentiality Of Personal, Financial And Medical Information About Non-Party Witnesses by and between plaintiff Wells Fargo Bank, N.A., solely in its capacity as trustee (the "Trustee") for Natividad Caballero 2007 Insurance Trust and Antonio Cala 2007 Insurance Trust (the "Insurance Trusts"), and defendant Principal Life Insurance Company ("Principal"), and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Trustee and Principal (each a "Party" and collectively "the Parties") may designate documents as Protected Material pursuant to the terms of

1  this Stipulation by stamping or affixing the word "CONFIDENTIAL" on each such
2  document or in the case of non-documentary items, by designating the information
3  as "CONFIDENTIAL" in writing or on the record.  If a Party subsequently believes
4  that a document or non-documentary item that has been produced or received
5  contains Protected Material, but was not designated as "CONFIDENTIAL" at the
6  time of production, the Party may designate the document or non-documentary item
7  as "CONFIDENTIAL" by notifying the other Party in writing and, in the case of a
8  document, requesting that the document have the word "CONFIDENTIAL"
9  stamped or affixed thereto.  In the case of deposition testimony, counsel may make
10 the designation on the record, and shall have another 30 days after the transcript is
11 received in order to afford the Parties a further opportunity to designate testimony
12 and exhibits as "CONFIDENTIAL," to the extent not previously so designated.
13 Deposition transcripts shall be identified as "CONFIDENTIAL" on the cover and
14 title page of each deposition, or volume thereof.  If a Party subsequently believes
15 that deposition testimony or a deposition exhibit contains Protected Material, but
16 was not designated as "CONFIDENTIAL" at the deposition or within 30 days after
17 the deposition transcript was received, the Party may designate the deposition
18 testimony or exhibit as "CONFIDENTIAL" by notifying the other Party in writing
19 and requesting that the word "CONFIDENTIAL" be stamped or affixed to the
20 transcript.

21     2.    A non-party witness may designate Protected Material by stamping or
22 affixing the word "CONFIDENTIAL" on each such document, notifying counsel for
23 the Parties that the witness requests the document(s) be designated and stamped as
24 "CONFIDENTIAL", or, in the case of non-documentary items, by designating the
25 information as "CONFIDENTIAL" in writing or on the record.  In the case of
26 deposition testimony, a non-party witness may make the designation on the record,
27 and shall have another 30 days after the transcript is made available for review in
28

1 order to afford the witness a further opportunity to designate testimony and exhibits
2 as "CONFIDENTIAL," to the extent not previously so designated.

3     3. A Party shall only designate as CONFIDENTIAL those documents and
4 items of information which the Party reasonably and in good faith believes contain
5 or constitute Protected Material.

6     4. Protected Material designated as CONFIDENTIAL and received by a
7 Party through disclosures or discovery, and any information copies or extracted
8 there from, may be used by the receiving Party in connection with the preparation
9 for trial and trial of this action, and for no other purpose. As used herein, the phrase
10 "preparation for trial and trial of this action" shall mean preparation for,
11 participation in and prosecution and defense of any motion, arbitration, trial, appeal,
12 hearing mediation, review or other judicial proceeding in the above-entitled action
13 and the consolidated action entitled *Principal Life Insurance Company v. Wells*
14 *Fargo Bank, N.A., as Trustee, etc.*, Case No. CV 09-03143-DDP (RZx) (the
15 "Consolidated Action"). Protected Material designated as CONFIDENTIAL and
16 received by a Party through disclosures or discovery shall not be disclosed to the
17 general public and shall not be disclosed to anyone for any commercial, business, or
18 competitive purpose. Notwithstanding the foregoing, any Party may disclose
19 Protected Material designated as CONFIDENTIAL to:

20     a. Experts and consultants retained to assist a Party in the preparation for
21         trial and trial of this action, but only to the extent necessary to enable
22         such experts or consultants to render such assistance and, further, only
23         to such experts and consultants who agree to be bound by the terms of
24         this Stipulation and maintain the confidentiality of the Protected
25         Material;
26     b. The Court (including Court personnel and jurors) in this action, in
27         accordance with the provisions of this Stipulation;
28     c. Deposition notaries and staff;

      d.      The CAP Accumulation Trust, named as a defendant in the Consolidated Action;

      e.      Witnesses or prospective witnesses that a Party's counsel of record may consider deposing or calling at trial, to the extent it is necessary that such information be shown for purposes of conducting the action and, further, only to such witnesses or prospective witnesses who agree to be bound by the terms of this Stipulation and maintain the confidentiality of the Protected Material;

      f.      Witnesses at depositions to the extent it is necessary that such information be shown for purposes of conducting the action and, further, only to such witnesses who agree to be bound by the terms of this Stipulation and maintain the confidentiality of the Protected Material;

      g.      Outside litigation support vendors, including commercial photocopying vendors and scanning services vendors;

      h.      Professional court reporters and videographers engaged to transcribe or videotape testimony in this action;

      i.      Any mediator of this action.

5.      A Party shall not be obligated to challenge the propriety of the designation of a document or thing as CONFIDENTIAL at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any Party to this litigation disagrees at any state of these proceedings with the designation of any information as CONFIDENTIAL, the Party must notify the designating Party or non-party witness in writing of the objection and then attempt in good faith to meet and confer to resolve the objection. If unable to resolve the dispute over the designation, the objecting Party may seek a ruling from the Court on noticed Motion or *ex parte* application. In any such proceeding, the designating

1  Party or non-party witness shall retain the burden of showing that the designated
2  item is Protected Material.

3        6.    Any Party seeking to file Protected Material designated as
4  CONFIDENTIAL with the Court shall do so in accordance with Local Rule 79-5.1
5  of the Local Rules for Central District of California.

6        7.    The Parties and their counsel of record shall require all persons under
7  their control who may come into contact with any Protected Material designated as
8  CONFIDENTIAL, including all persons to whom they may deliver such Protected
9  Material, to be bound by the same obligations of confidentiality imposed on them
10 hereunder.

11       8.    This Order is not intended to and shall not extend to documents and
12 information obtained by a Party or a non-party witness independent of this action,
13 even if copies or originals of the same documents or information constitute
14 Protected Material disclosed or produced during discovery in this action and are
15 designated as CONFIDENTIAL.  By way of example, if a Party receives in
16 discovery an insurance application containing Protected Material that is designated
17 as CONFIDENTIAL, and, independent of this action, the receiving Party had the
18 original or a copy of the same application that was not designated as
19 CONFIDENTIAL, then the receiving Party would be bound by this Order with
20 respect to the copy designated as CONFIDENTIAL, but not with respect to the copy
21 that was obtained independent of this action.

22       9.    The terms and conditions of this Order shall remain in full force and
23 effect and shall survive even after the final resolution of the action unless the
24 terminated or modified by written stipulation of the Parties, or by Order of the
25 Court.  The terms of this Order shall not govern the trial of this case, which shall be
26 conducted as ordered by the Court.  Protection sought by any Party at trial shall be
27 sought independently of this Order.

28

      10.    This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as Protected Material.  This Order creates no entitlement to file information designated as Protected Material under seal.

      11.    This Order is not intended to and does not eliminate, change or otherwise affect any constitutional, statutory, regulatory, administrative or other requirement that a non-party witness receive notice that Protected Material is being requested or produced.  By way of example only, this Order does not relieve a Party of any notice requirement or obligation under *Sehlmeyer v. Dept. of General Services*, 17 Cal. App. 4th 1072 (1993) or California Code of Civil Procedure § 1985.3.

DATED:  November 19, 2009

                                                                                   Ralph Zarefsky
                                         United States Magistrate Judge